Barnard, P. J.
The judge who granted the order to examine the defendant had jurisdiction. Section 870, Code.
The order required no notice. It was based upon an affidavit which stated facts, showing a necessity for the examination of the party defendant. The order was granted and became a proceeding in the action which could not be regarded as a nullity. The application to the judge ex parte was irregular without notice, and no doubt could be vacated ex parte. It was vacated, and then a motion was made to set aside the order vacating the order which set aside the order for examination. The appeal does not really bring up the merits of the question, which seems to be whether the affidavit for the examination was sufficient.
It seems to be sufficient under the very strict rules applied to such cases. The complaint is for board of defendant, with rooms.
The answer avers payment. The affidavit states the issue, and continues : “ That the testimony of said Henry W. Dixon is material and ^necessary to the defense in this action;” that the payment in full relied upon by the defendant herein as a defense was made in part by said defendant; and “as to that, he and he alone can testify, and his testimony is absolutely necessary to prove said defense.”
This was enough to obtain an order to examine a party, if the order had been to examine a witness other than a party the application would fall under subdivision 5 of section 872, and special reasons for examining the witness would be called for. This affidavit even fills that requirement. It states that the defendant is on the point of leaving the state; that the issue is complete and would be reached before his return, and “it is absolutely necessary to take his deposition for use upon the trial of the action.”
The affidavit is informal, perhaps, in not showing that the defendant was compelled to leave the state, either for sickness or other controlling reasons; but on a fair reading that seems to be the result of the statement as it is in the affidavit. As has been observed, the present affidavit does not directly reach the question. The order was granted and vacated ex parte, and restored ex parte. The only ques *818 tion is whether Judge Barrett could ex parte vacate his own ex parte order.
Such a right is given by section 772 of the Code. The order simply vacated another order obtained without notice. The order for the Examination was executed before the same was vacated, and from the papers there is not the least reason to doubt the good faith and necessity of the application. It was taken to prevent delay, and the deposition was concluded by the respondent after he had obtained the ex parte stay to vacate the order.
The order should be reversed, with costs and disbursements.
Pratt and Dykman, JJ., concur.